UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-20687

UNITED STATES OF AMERICA,

Plaintiff,

v.

REAL PROPERTY LOCATED AT 10295 COLLINS AVENUE, UNIT 1616, BAL HARBOUR, FLORIDA 33154; and

REAL PROPERTY LOCATED AT 10295 COLLINS AVENUE, UNIT 1617, BAL HARBOUR, FLORIDA 33154.

Defendants *in rem*.
_______________________________________________/

**UNITED STATES' UNOPPOSED MOTION FOR APPROVAL OF STIPULATION AND AUTHORIZING INTERLOCUTORY SALE OF DEFENDANT PROPERTIES**

Pursuant to Rule G(7) of the Supplemental Rules of Certain Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules"), Plaintiff, the United States of America, by and through its undersigned counsel, ("Plaintiff" or the "United States") requests that the Court approve the attached Stipulation and Interlocutory Sale Agreement ("Agreement") and authorize the interlocutory sale of two real properties sought for forfeiture in the above-captioned matter ("Interlocutory Sale"). In support of its motion, the United States submits the following:

1. On February 22, 2024, the United States filed a Verified Complaint for Forfeiture *In Rem* (the "Complaint") against the following real properties, including all buildings, fixtures, appurtenances, improvements, attachments and easements found therein or thereon (and hereinafter referred to as the "Defendant Properties"):

(i) Real Property located at 10295 Collins Avenue, Unit 1616, Bal Harbour, Florida 33154 ("Unit 1616") and

(ii) Real Property located at 10295 Collins Avenue, Unit 1617, Bal Harbour, Florida 33154 ("Unit 1617").

*See* Complaint, ECF No. 1 ("Civil Forfeiture Action").

3. The Defendant Properties are more fully described as:

> Units 1616 and 1617, of 10295 COLLINS AVENUE HOTEL CONDOMINIUM, a condominium, according to the Declaration of Condominium thereof, as recorded in the Official Records Book 26093, Page 3225, of the Public Records of Miami-Dade County, Florida.
>
> Address: 10295 Collins Avenue, Units 1616 and 1617, Bal Harbour Florida 33154.
>
> PARCEL ID Nos: 12-2226-046-1230 and 12-2226-046-1080.

4. The Complaint alleged that the Defendant Properties are subject to forfeiture, pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C) as property that constitute or are derived from proceeds traceable to violations of the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. § 1701, *et seq.*, and property involved in money laundering in violation of 18 U.S.C. §§ 1956(h), 1956(a)(1)(A)(i), and 1957.

5. Direct notice of the *in rem* civil forfeiture action was sent to any person who reasonably appeared to be a potential claimant with legal standing to contest the forfeiture, or such person was on actual notice of the forfeiture. In addition, notice of the civil forfeiture was posted on an official government internet site (www.forfeiture.gov) for a period of 30 days. 21 U.S.C. § 853(n)(1); Fed. R. Crim. P. 32.2(b)(6).

6. On March 28, 2024, Claimant Renata Perevalova ("Claimant") filed a claim to Defendant Properties, asserting an interest as the purported ultimate beneficial owner of 1616 Collins LLC, the title owner of the Defendant Properties. *See* Claim, ECF No. 11. On July 19, 2024, Claimant filed an Answer to the Complaint. *See* Answer, ECF No. 28.

7. No other claims or answers have been filed in this action, and pursuant to Rule G(5) of the Supplemental Rules of Certain Admiralty or Maritime Claims and Asset Forfeiture Actions and the Federal Rules of Civil Procedure ("Supplemental Rule G"), the time for filing a claim and answer in this action has passed.

8. The United States, pursuant to Supplemental Rule G(7), seeks an interlocutory sale of the Defendant Properties in order to preserve the Defendant Properties from further risk of deterioration. Claimant does not oppose the interlocutory sale.

9. On or about August 30 and September 3, 2024, the United States of America, Claimant, and LK Hotel, LLC ("LK Hotel") (collectively, the "Parties"), entered into the attached Agreement for LK Hotel to purchase the Defendant Properties. *See* Attachment A.

10. The Court may approve such interlocutory sale pursuant to Rule G(7) of the Supplemental Rules, which states:

> (7) Preserving, Preventing Criminal Use, and Disposing of Property; Sales.
> (a) *Preserving and Preventing Criminal Use of Property*. When the government does not have actual possession of the defendant property the court, on motion or on its own, may enter any order necessary to preserve the property, to prevent its removal or encumbrance, or to prevent its use in a criminal offense.
>
> (b) *Interlocutory Sale or Delivery.*
> (i) *Order to Sell*. On motion by a party or a person having custody of the property, the court may order all or part of the property sold if:
> (A) the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action;
> (B) the expense of keeping the property is excessive or is disproportionate to its fair market value;
> (C) the property is subject to a mortgage or to taxes on which the owner is in default; or
> (D) the court finds other good cause.
> (ii) *Who Makes the Sale*. A sale must be made by a United States agency that has authority to sell the property, by the agency's contractor, or by any person the court designates.
> (iii) *Sale Procedures*. The sale is governed by 28 U.S.C. §§2001, 2002, and 2004, unless all parties, with the court's approval, agree to the sale, aspects of the sale, or different procedures.

> (iv) *Sale Proceeds*. Sale proceeds are a substitute res subject to forfeiture in place of the property that was sold. The proceeds must be held in an interest-bearing account maintained by the United States pending the conclusion of the forfeiture action.
>
> (v) *Delivery on a Claimant's Motion*. The court may order that the property be delivered to the claimant pending the conclusion of the action if the claimant shows circumstances that would permit sale under Rule G(7)(b)(i) and gives security under these rules.
>
> (c) *Disposing of Forfeited Property*. Upon entry of a forfeiture judgment, the property or proceeds from selling the property must be disposed of as provided by law.

Supp. R. (G)(7).

11. As alleged in the Complaint, the Defendant Properties are blocked by the Office of Foreign Assets Control ("OFAC") and an OFAC license is required to transact in the Defendant Properties—including to effectuate a sale of the Defendant Properties. *See* Complaint ¶ 17; Executive Order 13685. As a result of the OFAC blocking, the Defendant Properties are not being maintained and are without electricity. The property management company where the Defendant Properties are located have indicated that taxes, and maintenance costs, including condominium fees, continue to accrue and that without electricity the Defendant Properties are at risk of spreading mold to neighboring condominium units.

12. The United States has obtained an OFAC license to effectuate this Interlocutory Sale. *See* Exhibit B.

13. The net proceeds of the sale (as defined in the Agreement) shall be retained by the U.S. Marshals Service as a substitute *res* pending the outcome of the Civil Forfeiture Action.

14. Accordingly, because there is a risk of the Defendant Properties deteriorating due to lack of electricity causing the growth and spread of mold, and there are accumulating expenses due to the lack of maintenance and payment of taxes and maintenance fees, there is good cause to authorize the interlocutory sale of the Defendant Properties.

WHEREFORE, pursuant to Rule G(7) of the Supplemental Rules, the United States, with agreement from Claimant, respectfully requests the entry of the attached order approving the Stipulation and Interlocutory Sale Agreement and authorizing the interlocutory sale of the Defendant Properties

Respectfully submitted,

**MARKENZY LAPOINTE**
**UNITED STATES ATTORNEY**

By: *[/s/ Marx P. Calderón]*
*Marx P. Calderón*
Assistant United States Attorney
Court ID No. A5502700
99 N.E. 4th Street, 7th Floor
Miami FL, 33132-2111
Telephone: (305) 961-9036
E-mail: Marx.Calderon@usdoj.gov

**LOCAL RULE 7.1 CERTIFICATION**

Pursuant to Local Rule 7.1, I hereby certify that counsel for the United States has conferred with Claimant's counsel and counsel for LK Hotel, and there is no opposition to the relief sought.