UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-20687

UNITED STATES OF AMERICA,

Plaintiff,

v.

REAL PROPERTY LOCATED AT 10295 COLLINS AVENUE, UNIT 1616, BAL HARBOUR, FLORIDA 33154; and

REAL PROPERTY LOCATED AT 10295 COLLINS AVENUE, UNIT 1617, BAL HARBOUR, FLORIDA 33154.

Defendants *in rem*.
_______________________________________________/

**STIPULATION AND INTERLOCUTORY SALE AGREEMENT**

Plaintiff, the United States of America, by and through its undersigned counsel, (the "United States") and LK Hotel, LLC ("LK Hotel") (collectively, the "Parties"), agree and stipulate as follows:

1. The terms of this Stipulation and Interlocutory Sale Agreement ("Agreement") are subject to approval by the Court and any violation of any terms or conditions shall be construed as a violation of an order of the Court.

2. On February 22, 2024, the United States filed a Verified Complaint for Forfeiture *In Rem* (the "Complaint") against the following real properties, including all buildings, fixtures, appurtenances, improvements, attachments and easements found therein or thereon (and hereinafter referred to as the "Defendant Properties"):

(i) Real Property located at 10295 Collins Avenue, Unit 1616, Bal Harbour, Florida 33154 ("Unit 1616"); and

(ii) Real Property located at 10295 Collins Avenue, Unit 1617, Bal Harbour, Florida 33154 ("Unit 1617").

*See* Complaint, ECF No. 1 ("Civil Forfeiture Action").

3. The Defendant Properties are more fully described as:

> Units 1616 and 1617, of 10295 COLLINS AVENUE HOTEL CONDOMINIUM, a condominium, according to the Declaration of Condominium thereof, as recorded in the Official Records Book 26093, Page 3225, of the Public Records of Miami-Dade County, Florida.
>
> Address: 10295 Collins Avenue, Units 1616 and 1617, Bal Harbour Florida 33154.
>
> PARCEL ID Nos: 12-2226-046-1230 and 12-2226-046-1080.

4. The Complaint alleged that the Defendant Properties are subject to forfeiture, pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C) as property that constitute or are derived from proceeds traceable to violations of the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. § 1701, *et seq.*, and property involved in money laundering in violation of 18 U.S.C. §§ 1956(h), 1956(a)(1)(A)(i), and 1957.

5. Direct notice of the *in rem* civil forfeiture action was sent to any person who reasonably appeared to be a potential claimant with legal standing to contest the forfeiture, or such person was on actual notice of the forfeiture. In addition, notice of the civil forfeiture was posted on an official government internet site (www.forfeiture.gov) for a period of 30 days. 21 U.S.C. § 853(n)(1); Fed. R. Crim. P. 32.2(b)(6).

6. On March 28, 2024, Claimant Renata Perevalova ("Claimant") filed a claim to Defendant Properties, asserting an interest as the purported ultimate beneficial owner of 1616 Collins LLC, the title owner of the Defendant Properties. *See* Claim, ECF No. 11.

7. No other claims or answers have been filed in this action, and pursuant to Rule G(5) of the Supplemental Rules of Certain Admiralty or Maritime Claims and Asset Forfeiture Actions and the Federal Rules of Civil Procedure ("Supplemental Rule G"). The time for filing a claim and answer in this action has passed.

8. On July 19, 2024, Claimant filed an Answer to the Complaint. *See* Answer, ECF No. 28. Claimant does not oppose this Agreement.

9. The United States, pursuant to Supplemental Rule G(7), seeks an interlocutory sale of the Defendant Properties in order to preserve the Defendant Properties from further risk of deterioration.

10. The United States agrees, upon Court order, to sell the Defendant Properties to LK Hotel ("Interlocutory Sale") for a sale price of $2,002,495 ("Sale Price"). From the sale price, $2,495 shall be retained by the U.S. Marshals Service for reimbursement of pre-seizure costs associated with the seizure of the Defendant Properties ("USMS Payment").

11. LK Hotel agrees to purchase the Defendant Properties as-is.

12. The Parties are aware that in addition to this Civil Forfeiture Action, the Defendant Properties are blocked by the Office of Foreign Assets Control ("OFAC") and an OFAC license is required to effectuate a sale of the Defendant Properties. The United States has obtained an OFAC license to effectuate this Interlocutory Sale.

13. LK Hotel warrants that it, including its representatives and affiliates, has no personal or business relationship, independent of those set forth in the documents governing the property and common to all unit owners, with any of the known individuals or entities involved in any violation of law regarding the Defendant Properties or the facts alleged in the Complaint. LK

Hotel further warrants that its purchase of the Defendant Properties is not intended to benefit any owner or manager of the Defendant Properties.

14. The Parties warrant that this agreement was made at arms-length for fair market value.

15. The Parties agree that this Interlocutory Sale will be administered by the U.S. Marshals Service with the U.S. Marshals Service's own title agents or other representatives to effectuate the Sale. The U.S. Marshals Service title agents will procure title insurance. The Parties agree to a 1.85% disposition fee ("Disposition Fee") to be paid from the Sale Price to the U.S. Marshals' contractor at closing.

16. At closing, LK Hotel agrees to transfer the Sale Price to the U.S. Marshals Service as consideration for the purchase of the Defendant Properties.

17. The United States agrees to use the Sale Price, less the USMS Payment and Disposition Fee, to pay off any liens, taxes, and other fees owed in connection with the maintenance of the Defendant Properties through the date of closing and turn over marketable title to LK Hotel. The balance of the sale proceeds shall represent the "Net Proceeds."

18. The Net Proceeds of the sale shall be retained by the U.S. Marshals Service as a substitute *res* pending the outcome of the Civil Forfeiture Action.

19. Following closing of this Interlocutory Sale, the United States shall release any interest it has or may have in the Defendant Properties based on the allegations of the Complaint, including the release of *lis pendens*.

20. Each of the Parties shall bear its own costs, attorney's fees, and expenses arising under this Agreement.

21. LK Hotel has freely and voluntarily signed and entered into this Agreement.

22. This Agreement may be executed in one or more counterparts, each of which when executed and delivered shall be an original, and all of which when executed shall constitute one and the same instrument.

23. This Agreement contains the entire agreement between the United States and LK Hotel LLC.

24. The Court shall retain jurisdiction in this action for the purpose of enforcing the terms of this Agreement.

FOR PLAINTIFF UNITED STATES:

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

9/3/24 for

Date

Mark P. Calderón
Assistant United States Attorney

FOR LK HOTEL LLC:

Date

Javier Granda, as authorized representative of LK Hotel LLC

Date

Walker Norkin, Esq.
Counsel for LK Hotel LLC

FOR CLAIMANT:

Date

Jerrob Duffy
Thomas A. Firestone
Counsel for Renata Perevalova

22. This Agreement may be executed in one or more counterparts, each of which when executed and delivered shall be an original, and all of which when executed shall constitute one and the same instrument.

23. This Agreement contains the entire agreement between the United States and LK Hotel LLC.

24. The Court shall retain jurisdiction in this action for the purpose of enforcing the terms of this Agreement.

FOR PLAINTIFF UNITED STATES:

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date

Marx P. Calderón
Assistant United States Attorney

FOR LK HOTEL LLC:

9/3/24
Date

Javier Granda, as authorized representative of LK Hotel LLC

9.3.24
Date

Walker Norkin, Esq.
Counsel for LK Hotel LLC

FOR CLAIMANT:

Date

Jerrob Duffy
Thomas A. Firestone
Counsel for Renata Perevalova

22. This Agreement may be executed in one or more counterparts, each of which when executed and delivered shall be an original, and all of which when executed shall constitute one and the same instrument.

23. This Agreement contains the entire agreement between the United States and LK Hotel LLC.

24. The Court shall retain jurisdiction in this action for the purpose of enforcing the terms of this Agreement.

FOR PLAINTIFF UNITED STATES:

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

______________________ ______________________________
Date Marx P. Calderón
Assistant United States Attorney

FOR LK HOTEL LLC:

______________________ ______________________________
Date Javier Granda, as authorized representative of LK Hotel LLC

______________________ ______________________________
Date Walker Norkin, Esq.
Counsel for LK Hotel LLC

FOR CLAIMANT:

August 30, 2024
Date

Jerrob Duffy

Thomas A. Firestone
Counsel for Renata Perevalova