UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-20687-DSL

UNITED STATES OF AMERICA,

          Plaintiff,

vs.

REAL PROPERTY LOCATED AT 10295 COLLINS AVENUE, UNIT 1616, BAL HARBOUR, FLORIDA 33154; and

REAL PROPERTY LOCATED AT 10295 COLLINS AVENUE, UNIT 1617, BAL HARBOUR, FLORIDA 33154.

          Defendants *in Rem*.

_____/

**UNITED STATES' MOTION FOR ORDER OF FORFEITURE BY DEFAULT JUDGMENT, AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure and in accordance with Rule C(8) of the Local Admiralty and Maritime Rules, Plaintiff, the United States of America, ("Government" or the "United States") by and through its undersigned counsel, respectfully moves the Court for an Order of Forfeiture by Default Judgment against the above-captioned Defendants *in Rem*. In support of this motion, the United States submits the following factual and legal bases.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

1.    On February 22, 2024, the United States filed a Verified Complaint for Forfeiture *in Rem* ("Verified Complaint") alleging that the following the following real properties, including all buildings, fixtures, appurtenances, improvements, attachments and easements found therein or thereon (together, the "Defendant Assets"), were subject to forfeiture to the United States, pursuant to 18 U.S.C. § 981(a)(1)(A), (C), and the procedures set forth in Rule G of the Supplemental Rules

for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"), and the Federal Rules of Civil Procedure:

(i) Real properties located at 10295 Collins Avenue, Units 1616 and 1617, Bal Harbour, Florida 33154, which are more fully described as:

> Units 1616 and 1617, of 10295 COLLINS AVENUE HOTEL CONDOMINIUM, a condominium, according to the Declaration of Condominium thereof, as recorded in the Official Records Book 26093, Page 3225, of the Public Records of Miami-Dade County, Florida.
>
> Address: 10295 Collins Avenue, Units 1616 and 1617, Bal Harbour Florida 33154.
>
> PARCEL ID Nos: 12-2226-046-1230 and 12-2226-046-1080.

Verified Complaint, ECF No. 1.

2. The United States published notice of this action on an official internet government site for at least 30 consecutive days beginning on February 24, 2024, and ending on March 24, 2024, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules. *See* Declaration of Publication, ECF No. 46.

3. In accordance with Rule G(4)(b) of the Supplemental Rules, the Government sent direct notice of the instant civil forfeiture action and a copy of the Verified Complaint to potential claimants to the Defendants Assets. *See* Exhibit A (Direct Notice Letters and FedEx Confirmations), ECF No. 51-1.

4. On or about February 22, 2024, in accordance with 18 U.S.C. § 985(c), notice of the civil forfeiture action and a copy of the Verified Complaint also were posted on the Defendant Assets. *See* Exhibit B, ECF No. 52-2.

5. On March 28, 2024, Claimant Renata Perevalova ("Claimant") filed a claim to Defendant Assets, asserting an interest as the purported ultimate beneficial owner of 1616 Collins

LLC, the title owner of the Defendant Assets. *See* Claim, ECF No. 11. On July 19, 2024, Claimant filed her Answer to the Complaint. *See* Answer, ECF No. 28.

6. On September 11, 2024, the Court granted the United States' motion for interlocutory sale of the Defendant Assets. *See* Order, ECF No. 37. As ordered, the net proceeds of the sale (after listed expenses are paid) are to be held by the U.S. Marshals as a Substitute *Res* for the Defendant Assets. *Id.* ¶¶ 6, 7; *see also* Stipulation ¶ 18, ECF No. 34-1.

7. On October 28, 2024, Claimant withdrew her claim and answer. ECF No. 48.

8. On or about November 20, 2024, the sale of the Defendants *in Rem* closed, and the U.S. Marshals Service received and is holding approximately $1,795,743.84, which amount now is a Substitute *Res* for the Defendant Assets. *See* Notice, ECF No. 50.

9. Thus, there are no pending claims filed for the Defendant Assets, and the time for doing so has expired.

10. On December 6, 2024, the Clerk of the Court entered a Default against the Defendant Assets. *See* Clerk's Default, ECF No. 52.

II. **MEMORANDUM OF LAW**

This *in rem* action is governed by Rule G of the Supplemental Rules, Rules C and E of the Local Admiralty and Maritime Rules ("Local Admiralty Rules"), and the Federal Rules of Civil Procedure. *See* Supp. R. G(1). Supplemental Rule G(2) requires a civil forfeiture complaint to:

> (a) be verified;
>
> (b) state the grounds for subject-matter jurisdiction, in rem jurisdiction over the defendant property, and venue;
>
> (c) describe the property with reasonable particularity;
>
> (d) if the property is tangible, state its location when any seizure occurred and—if different—its location when the action is filed;

(e) identify the statute under which the forfeiture action is brought; and

(f) state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.

Supp. R. G(1). Further, if the defendant property in a civil forfeiture action is real property, judicial authorization and process is governed by 18 U.S.C. § 985, which requires the Government to file the complaint, post a notice of the action, and serve notice on the property owner, along with a copy of the complaint. 18 U.S.C. § 985(c)(1); *see also* Supp. R. G(3)(a). The United States also is required to provide direct notice to known potential third-party claimants, and publish notice of the action. Supp. R. G(4). Third-party claimants asserting an interest in defendant property must file a claim and answer to intervene in the action. Supp. R. G(5).

Here, the only party that had intervened has withdrawn her claim and answer, and the Clerk of Court entered a Default against the Defendant Assets on December 6, 2024. *See* Clerk's Default, ECF No. 52. Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, after the Clerk of Court enters a default in a case other than for a sum certain, a "party must apply to the court for a default judgment." *See* Fed. R. Civ. P. 55(b)(2). In addition, the Court "may conduct hearings or make referrals . . . when to enter or effectuate judgment, it needs to:

(A) conduct an accounting;

(B) determine the amount of damages;

(C) establish the truth of any allegation by evidence; or

(D) investigate any other matter."

*Id.* Under the Local Admiralty Rules, which apply to admiralty *in rem* proceedings that are analogous to the instant action, the moving party must make its application for default judgment "[n]ot later than thirty (30) days following notice of the entry of default." *See* Local Admiralty Rule C(9). The United States makes this application for an Order of Forfeiture by Default

4

Judgment on the same day, which is well within the 30 days contemplated by Local Admiralty Rule C(9).

To enter default judgment, the Court considers:

(1) whether the Court has subject-matter jurisdiction over the case, *see Arbough v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (courts have an obligation to ensure subject-matter jurisdiction),

(2) whether the Government properly effectuated service of process, *see Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1368 (11th Cir. 1982) (improper service renders judgment void), and

(3) whether the well-pleaded factual allegations state a claim where relief may be granted, *see Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]

*See also* Report and Recommendation, *United States v. One 1999 135-Foot Baglietto Yacht et al.*, 19-CV-24249-KMW/EGT (S.D. Fla. filed May 25, 2021, ECF No. 105) *adopted at* ECF No. 126 (outlining elements courts consider before entering a default). The Verified Complaint and the United States' Motion for Clerk's Entry of Default, including its accompanying exhibits, establish each of these elements.

First, as alleged in the Verified Complaint, the Court has subject-matter and *in rem* jurisdiction, and venue for this action is proper in the Southern District of Florida. *See* Verified Complaint ¶¶ 1-3, at 1-2, ECF No. 1. District courts have original jurisdiction of all civil actions commenced by the United States. *See* 28 U.S.C. § 1345. District courts also have original, exclusive jurisdiction of any forfeiture action or proceeding. *See* 28 U.S.C. § 1355(a). The Verified Complaint alleged that Defendant Assets are subject to forfeiture as property involved in money laundering, proceeds traceable to violations of the International Emergency Economic Powers Act

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

("IEEPA"), and/or property traceable to such property. *See* Verified Complaint ¶¶ 47-58, at 10-11; *see also* 18 U.S.C. § 981(a)(1).

Venue is proper because acts or omissions giving rise to the forfeiture occurred in the Southern District of Florida, *see* 28 U.S.C. § 1355(b)(1), and because the Defendant Assets are located in this District, *see* 28 U.S.C. § 1395(b).

Second, as set forth in support of the United States' Motion for Clerk's Entry of Default, the United States has complied with the notice and service requirements of Rule G(4) of the Supplemental Rules and 18 U.S.C. § 985. *See* U.S. Mot. for Clerk's Default, ECF No. 51. Notice of this civil forfeiture action was published on an official internet government forfeiture site (www.forfeiture.gov) for at least 30 consecutive days beginning on November 7, 2019. *See* Declaration of Publication, ECF No. 46. The Government sent direct notice or personally served notice of the instant civil forfeiture action to potential claimants and the nominal title owners of the Defendant Assets. *See* Exhibit A, ECF No. 51-1. The Government posted notice of the action on the Defendant Assets on February 22, 2024. *See* Exhibit B, ECF No. 51-2. The Defendant Assets and the known potential claimants are not minors, mentally incompetent, or in military service in the United States. *See* Exhibit C, ECF No. 51-3.

Third, the United States is entitled to final default judgment because the factual allegations set forth in the Verified Complaint, when taken as true, establish that that Defendant Assets are subject to forfeiture as property involved in money laundering, proceeds traceable to violations of IEEPA, and/or property traceable to such property.

**Money laundering**: *See United States v. Waked Hatum*, 969 F.3d 1156, 1162 (11th Cir. 2020) (forfeitable property involved in money laundering includes the property laundered, which is "the corpus," along with "any commissions or fees paid to the laundered and any property used to

facilitate the laundering offense") (quoting *United States v. Seher*, 562 F.3d 1344, 1368 (11th Cir. 2009)); *United States v. Schlesinger*, 261 F. App'x 355, 361 (2d Cir. 2008) (finding premises were "involved in" money laundering where laundered fraud proceeds were used to pay the companies' monthly lease and tax expenses); *United States v. Real Property and Premises Located at 216 Kenmore Ave.*, 657 F. Supp. 2d 1060, 1069 (D. Minn. 2009) ("There is no serious dispute that, by spending allegedly tainted funds on renovations and property taxes for [a property], the property is 'traceable to' a money-laundering offense")

**IEEPA**:  *See In re 650 Fifth Ave. & Related Properties*, 777 F. Supp. 2d 529, 557 (S.D.N.Y. 2011) ("the civil forfeiture statute provides for forfeiture of '[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to a violation of [IEEPA].' 18 U.S.C. § 981(a)(1)(C). Given that language, whether the Building is forfeitable to the extent it was maintained using rent does not turn on the definition of proceeds alone. Rather, the Building would be forfeitable to the extent that it is property '*derived from* proceeds,' *i.e.,* rent."); *United States v. Real Property and Premises Located at 216 Kenmore Ave., Deerfield, Ill.,* 657 F.Supp.2d 1060, 1066 (D. Minn. 2009) ("Although the Government does not contend that the property was originally purchased with the proceeds of fraud, it *does* allege that improvements to the property and property taxes were paid with illicit funds. And the law is well-established that the Government may seek forfeiture of the property in part, to the extent that tainted funds were used therein."); *United States v. $148,500 of Blocked Funds in Name of Trans Multi Mechanics, Co.*, 2019 WL 1440882, at *4 (D.D.C. Mar. 29, 2019) ("Here, the Government's allegations establish by a preponderance of the evidence that Defendant Funds 'constitute[d]' or were 'derived from' violations of Section 206 of the IEEPA. 18 U.S.C. § 981(a)(1)(C). The Government's allegations also establish that the Defendant Funds are subject to forfeiture under 18 U.S.C. § 981(a)(1)(A),

as derived from proceeds traceable to violations of the anti-money laundering statute. While the Government can likely prove that the underlying transactions for Defendant Funds were *themselves* in violation of the IEEPA and the federal money laundering statute, it does not need to do so here. *All the Government must prove is that Defendant Funds were transferred by a SDN without an OFAC license*.") (last emphasis added); *United States v. $429,900.00 of Blocked Funds Associated With Ryer Int'l Trading, Ltd.*, 2021 WL 5050070, at *7-8 (D.D.C. Nov. 1, 2021) (blocked funds transferred in violation of IEEPA were proceeds of an IEEPA violation).

Further, the factual allegations were verified under penalty of perjury by Special Agent Jared Wesley of the Federal Bureau of Investigation. *See* Verified Complaint at 13.

Consequently, hearings are not necessary to enter or effectuate the requested default judgment as there is no need to conduct an accounting or determine the amount of damages, and the factual allegations have been undisputed, verified in this action, and established in the criminal cases. *See* Fed. R. Civ. P. 55(b)(2); *accord* Local Admiralty Rule 9(a).

WHEREFORE, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, the United States respectfully requests the Court the enter the attached Order of Forfeiture by Default Judgment, forfeiting to the United States all right, title, and interest in as the Defendant Assets for disposition in accordance with the law.

                    Respectfully submitted,

                    **MARKENZY LAPOINTE**
                    **UNITED STATES ATTORNEY**

By:    */s/ Joshua Paster*
                    Marx P. Calderón, Court ID No. A5502700
                    Joshua Paster, Court ID No. A5502616
                    Assistant United States Attorneys
                    99 N.E. 4th Street, 7th Floor
                    Miami, Florida 33132-2111
                    Telephone: (305) 961-9036 / (305) 961-9342
                    Facsimile: (305) 536-4089
                    Marx.Calderon@usdoj.gov
                    joshua.paster@usdoj.gov

                    *Counsel for United States of America*