**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-CV-20687-DSL**

UNITED STATES OF AMERICA,

Plaintiff,

vs.

REAL PROPERTY LOCATED AT 10295 COLLINS AVENUE, UNIT 1616, BAL HARBOUR, FLORIDA 33154; and

REAL PROPERTY LOCATED AT 10295 COLLINS AVENUE, UNIT 1617, BAL HARBOUR, FLORIDA 33154.

Defendants *in Rem*.
_______________________________________________/

**THE UNITED STATES OF AMERICA'S MOTION TO VACATE THE DEFAULT JUDGMENT ORDER AND FOR ENTRY OF A NEW ORDER**

The United States of America, ("Government" or the "United States") by and through its undersigned counsel, respectfully moves this Honorable Court under Federal Rules of Civil Procedure 55(c) and 60(b), to vacate the Order of Forfeiture entered on December 16, 2024, ECF No. 55. The United States also asks the Court to enter a new Order of Forfeiture by Default Judgment under Rule 55(b), based on the United States' original Motion for Order of Forfeiture and accompanying memorandum in support, ECF No. 53.

1. The United States incorporates by reference the factual and procedural background presented in its original Motion for Order of Forfeiture and accompanying memorandum in support, ECF No. 53.

2. The Government's original proposed order of forfeiture, adopted by the Court in its Order of Forfeiture, ECF No. 55, contained two scrivener's errors. The proposed order erroneously said that the Court ordered an interlocutory sale on September 11, 2024, but the

order was in fact issued on September 10, 2024. Additionally, there was a typographical error in paragraph 1(i) of its proposed order, describing the property to be forfeited. For the Court's convenience, the United States provides a redline as Exhibit A to this Motion.

3. The United States also requests that, procedurally, the Court vacate the prior Order of Forfeiture and enter a new Order of Forfeiture. To that end, the United States submits a proposed order that vacates the Order of Forfeiture, ECF No. 55, and enters a new Order of Forfeiture by Default that corrects the identified errors in the original proposed order.

4. Vacating the original order is warranted under Federal Rules of Civil Procedure 55(c) and 60(b). Rule 55(c) provides that a default judgment can be set aside for the reasons cited in Rule 60(b). Reasons to set aside under Rule 60(b) include mistake and inadvertence, and there is also broad authority to act when there is "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Vacating the December 16, 2024, default judgment order will allow the forfeited funds to fall within the scope of the Additional Ukraine Supplemental Appropriations Act, 2023, Pub. L. No. 117-328, § 1708 ("Ukraine Supplemental Appropriations Act") (described more fully below).

5. When this forfeiture action was commenced, Viktor Perevalov ("Perevalov") was the true beneficial owner of the real property located at 10295 Collins Avenue, Units 1616 and 1617, Bal Harbor, Florida 33154 (collectively, "the Defendant Assets"). The Defendant Assets have been sold and the proceeds from the sale were substituted as the *res* in this civil forfeiture action. ECF No. 37.

6. On December 6, 2024, following the Clerk of the Court's entry of default against the proceeds from the Defendant Assets, ECF No. 52, the United States moved the Court for an Order of Forfeiture by Default Judgment, ECF No. 53. The motion included a proposed

order. ECF No. 53-1.

7. Soon after filing its motion, the United States asked the Court temporarily to hold in abeyance the government's motion for order of forfeiture. The United States made this request because it understood at the time that the United States Department of the Treasury Office of Foreign Assets Control ("OFAC") was then in the process of designating Perevalov under Executive Order 14024 ("E.O. 14024"). Though Perevalov has been sanctioned under a prior executive order since January 26, 2018, the new designation under E.O. 14024 would allow the United States to use the proceeds from the Defendant Assets to assist Ukraine under the Ukraine Supplemental Appropriations Act.

8. Enacted on December 29, 2022, the Ukraine Supplemental Appropriations Act allows "the Department of Justice to transfer the proceeds from certain forfeited property to the State Department to be used to provide assistance to Ukraine to remediate the harms of Russian aggression towards Ukraine," in cases where the forfeited property belonged to a person sanctioned under E.O. 14024 or related executive orders. 2023, Pub. L. No. 117-328, § 1708.

9. The United States intends to exercise this authority with regard to the proceeds from the Defendant Assets. To use that authority, however, Perevalov must be designated under E.O. 14024 at the time the forfeiture is completed.

10. In anticipation of the new designation, the United States therefore asked the Court to hold in abeyance its motion for order of forfeiture. The United States made the request to give OFAC sufficient time to designate Perevalov under E.O. 14024, which was expected to happen on or before December 12, 2024.

11. The Court held the motion in abeyance from December 6 through December 16, which, as initially anticipated, would have been sufficient time for OFAC to newly designate

Perevalov under E.O. 14024. On December 16, 2024, the Court entered an Order of Forfeiture against the property. ECF No. 55.

12. OFAC, however, did not issue the new designation until December 18, 2024, *i.e.*, two days after the Court entered the Order of Forfeiture. This unintended sequencing, that is the entry of the order of forfeiture *before* the new designation, if left unaddressed, potentially precludes use of the authority to transfer the proceeds of the Defendant Assets in this action for the benefit of Ukraine.

13. Thus, to correct the scrivener's errors, and also to allow the United States to use the forfeited property pursuant to the Ukraine Supplemental Appropriations Act, the United States now moves under Rule 55(c) and Rule 60(b) of the Federal Rules of Civil Procedure to vacate the December 16, 2024, default judgment order. Additionally, the United States asks the Court to enter a new Order of Forfeiture by Default Judgment under Rule 55(b), based on the United States' original Motion for Order of Forfeiture and accompanying memorandum in support, ECF No. 53.

WHEREFORE, the United States respectfully requests the Court vacate the Order of Forfeiture entered on December 16, 2024, ECF No. 55, and enter the attached proposed new Order of Forfeiture by Default Judgment, forfeiting to the United States all right, title, and interest in as the Defendant Assets for disposition in accordance with the law.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

_/s/ Joshua Paster______________
Joshua Paster
Marx P. Calderón
Assistant United States Attorneys
Court ID No. A5502616
Court ID No. A5502700
99 NE 4th Street, 4th Floor
Miami, FL 33132
(305) 961-9036 / (305) 961-9342
Joshua.Paster@usdoj.gov
Marx.Calderon@usdoj.gov

MARGARET A. MOESER
CHIEF
MONEY LAUNDERING
AND ASSET RECOVERY SECTION
CRIMINAL DIVISION
U.S. DEPARTMENT OF JUSTICE

_/s/ Lindsay P. Gorman____
Lindsay P. Gorman
Trial Attorney
Court ID No. A5503193
1400 New York Avenue, N.W.
Washington, D.C. 20005
(202) 616-7896
E-mail: Lindsay.Gorman@usdoj.gov

*Counsel for United States of America*