UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 24-CV-20687-DSL**

**UNITED STATES OF AMERICA,**

    *Plaintiff,*

*vs.*

**REAL PROPERTY LOCATED AT 10295 COLLINS AVENUE,
UNIT 1616, BAL HARBOUR, FLORIDA 33154; and**

**REAL PROPERTY LOCATED AT 10295 COLLINS AVENUE,
UNIT 1617, BAL HARBOUR, FLORIDA 33154.**

    *Defendants* in Rem.

_____/

## ORDER OF FORFEITURE BY DEFAULT JUDGMENT

**THIS CAUSE** is before the Court upon motion of the United States of the America (the "United States") for entry of an Order of Forfeiture by Default Judgment against the above-captioned Defendants *in Rem* [ECF No. 53] ("Original Motion"), and to vacate the default judgment order and for entry of a new order (the "Second Motion") [ECF No. 56].  Being fully advised in the premises and based on both Motions, the record in this matter, and for good cause shown thereby, the Court finds as follows:

    1.    On February 22, 2024, the United States filed a Verified Complaint for Forfeiture *in Rem* ("Verified Complaint") alleging that the following the following real properties, including all buildings, fixtures, appurtenances, improvements, attachments and easements found therein or thereon (together, the "Defendant Assets"), were subject to forfeiture to the United States, pursuant to 18 U.S.C. § 981(a)(1)(A), (C), and the procedures set forth in Rule G of the Supplemental Rules for

Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"), and the Federal Rules of Civil Procedure:

(i) Real properties located at (a) 10295 Collins Avenue, Unit 1616, Bal Harbour, Florida 33154; and (b) 10295 Collins Avenue, Unit 1617, Bal Harbour, Florida 33154, which are more fully described as:

> Units 1616 and 1617, of 10295 COLLINS AVENUE HOTEL CONDOMINIUM, a condominium, according to the Declaration of Condominium thereof, as recorded in the Official Records Book 26093, Page 3225, of the Public Records of Miami-Dade County, Florida.
>
> Address: 10295 Collins Avenue, Units 1616 and 1617, Bal Harbour Florida 33154.
>
> PARCEL ID Nos: 12-2226-046-1230 and 12-2226-046-1080.

Verified Complaint, ECF No. 1.

2. The United States published notice of this action on an official internet government site for at least 30 consecutive days beginning on February 24, 2024, and ending on March 24, 2024, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules. *See* Declaration of Publication, ECF No. 46.

3. In accordance with Rule G(4)(b) of the Supplemental Rules, the Government sent direct notice of the instant civil forfeiture action and a copy of the Verified Complaint to potential claimants to the Defendants Assets. *See* Exhibit A (Direct Notice Letters and FedEx Confirmations), ECF No. 51-1.

4. On or about February 22, 2024, in accordance with 18 U.S.C. § 985(c), notice of the civil forfeiture action and a copy of the Verified Complaint also were posted on the Defendant Assets. *See* Exhibit B, ECF No. 51-2.

5. On March 28, 2024, Claimant Renata Perevalova ("Claimant") filed a claim to Defendant Assets, asserting an interest as the purported ultimate beneficial owner of 1616 Collins

LLC, the title owner of the Defendant Assets.  *See* Claim, ECF No. 11.  On July 19, 2024, Claimant filed her Answer to the Complaint.  *See* Answer, ECF No. 28.

6. On September 10, 2024, the Court granted the United States' motion for interlocutory sale of the Defendant Assets.  *See* Order, ECF No. 37.  As ordered, the net proceeds of the sale (after listed expenses are paid) are to be held by the U.S. Marshals as a Substitute *Res* for the Defendant Assets. *Id.* ¶¶ 6, 7; *see also* Stipulation ¶ 18, ECF No. 34-1.

7. On October 28, 2024, Claimant withdrew her claim and answer.  ECF No. 48.

8. On or about November 20, 2024, the sale of the Defendants *in Rem* closed, and the U.S. Marshals Service received and is holding approximately $1,795,743.84, which amount now is a Substitute *Res* for the Defendant Assets.  *See* Notice, ECF No. 50.

9. Thus, there are no pending claims filed for the Defendant Assets, and the time for doing so has expired.

10. On December 6, 2024, the Clerk of the Court entered a Default against the Defendant Assets.  *See* Clerk's Default, ECF No. 52.

11. The United States filed the Original Motion on December 5, 2024, and the Second Motion January 3, 2025, both of which are within 30 days of the entry of the Clerk's Default.

12. The Original Motion established that the Court had subject-matter and in rem jurisdiction over the Defendant Assets, the Government properly effectuated service of process, and that well-pleaded factual allegations of the Verified Complaint state a claim where relief may be granted.

**THEREFORE**, the United States' Motions are **GRANTED**, and it is hereby, **ORDERED AND ADJUDGED** that:

1. The Motion to Vacate [**ECF No. 56**] is **GRANTED**.

2. The previous Order of Forfeiture by Default Judgment [**ECF No. 55**], entered on December 16, 2024, is **VACATED** pursuant to Rules 55(c) and 60(b).

3. Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, default judgment is entered in favor of the United States and against the following property, and against all other persons for failure to timely plead, answer, or otherwise defend (collectively, the "Defendant Assets"):

   a. Approximately $1,795,743.84 in U.S. Currency, as a Substitute *Res* for

      i. Real Property located at 10295 Collins Avenue, Unit 1616, Bal Harbour, Florida 33154, including fixtures and furnishings; and

      ii. Real Property located at 10295 Collins Avenue, Unit 1617, Bal Harbour, Florida 33154, including fixtures and furnishings.

4. The Defendant Assets are forfeited to the United States of America;

5. Any duly authorized law enforcement official may seize, take possession, and dispose of the Defendant Assets according to law; and

6. The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order.

**DONE AND ORDERED** in the Southern District of Florida this 6th day of January, 2025.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record
   Assistant United States Attorney Joshua Paster (2 certified copies)